HILL (NEALE v.). See Case No. 10,068.

## Case No. 6,497.

### HILL v. NORVELL et al.

[3 McLean, 583.] [2]

Circuit Court, D. Michigan. June Term, 1845.

PROMISSORY NOTE—NOTICE TO INDORSER—DAYS OF GRACE.

1. A notice of taking a deposition being left at the lodgings of a defendant, without specifying

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

the lodgings. is not sufficient, where the defendant swears he did not receive the notice.

2. A note payable without grace, in three months or any other specified time, is not due until the time shall expire; excluding the day the note is dated.

3. The usage of the banks in the District of Columbia, to make a demand on the fourth day of grace, only applies to notes negotiated by the bank.

[See Auld v. Mandeville, Case No. 653.]

4. Notes left for collection in the bank, are due on the third day of grace under the general commercial usage.

5. A notice to an indorser, who is a member of the senate or house of representatives of the United States, left in the post-office of the senate or house, congress being then in session, is not a sufficient service. If, however, the jury shall believe that the notice was duly received, it is sufficient.

[Cited in Manchester Bank v. Fellows, 28 N. H. 311; Terbell v. Jones, 15 Wis. 256.]

At law.

Mr. Backus, for plaintiff.
Bates & Romeyn, for defendants.

OPINION OF THE COURT. In this action the defendants are charged as indorsers on a note for three thousand six hundred dollars to the plaintiff, dated the 16th March, 1839, payable in nine months. A deposition was offered which was objected to for want of notice. The person who served the notice, swore that he left it at the lodgings of Norvell, the defendant, in Washington City, the 28th of March, 1845. Mr. Norvell filed an affidavit that he remained in Washington City, at Fuller's, his place of lodging, on the above day until half after five o'clock, when he left for Baltimore. That just before he left he inquired of the bar-keeper at Fuller's, whether any communication directed to him had been received at the house, and was answered in the negative. The court held the proof of notice insufficient, as it did not specify where the copy was left. The lodgings of defendant must have been ascertained by the information of others. The notary who demanded and protested the note, states in his deposition, that he made the demand of payment on the 19th of December, 1839; and that on the next day he deposited notice thereof in the post-office of the senate, Mr. Norvell being a member of the senate, which was then in session at Washington; and another notice in the post-office of the house of representatives, which was also in session, to Crary, the other indorser, who was a member of the house. It is objected that the demand was made prematurely. If this be so, it is fatal to the right of the plaintiff. A demand must be made of the maker when the note becomes due, and if made either before or after that time, the indorsers are discharged. In Story, Bills, pp. 378, 379, it is laid down "that the universal rule of the commercial world now deems a month, in all cases of negotiable instruments, to be a calendar month. A bill, therefore, due the 1st of January, payable in ten days, with-

out grace, becomes due on the 11th of the same month, excluding from the computation the day of the date of the bill." And in page 380, he says, "a bill payable six months after date if payable without grace, becomes due on the corresponding day of the sixth month, excluding the day. of. the date of the bill, whatever number of days the months contain."

The above applies to notes without grace, but the days of grace are established and controlled by usage. They differ at different places, and bind parties who come within their operation. In Mills v. Bank of U. S., 11 Wheat. [24 U. S.] 431, the court held, "when a note is made payable or negotiable at a bank, whose invariable usage it is to demand payment and give notice on the fourth day of grace, the parties are bound by that usage, whether they have a personal knowledge of it or not." The case of Renner v. Bank of Columbia, 9 Wheat. [22 U. S.] 581, is cited, where the court say, "by the custom of the banks in the District of Columbia, payment of a promissory note is to be demanded on the fourth day after the time limited for the payment thereof." This was the usage of the banks in the District at that time. As the note in question was dated the 16th of March, 1839, payable in nine months, it is insisted that the note without grace, was not due until the 17th of December ensuing; and adding four days of grace, that it was not due until the 20th of December, at which time the demand should have been made. That the demand having been made on the 19th of December, cannot charge the indorsers. In the case of Cookendorfer v. Preston, 4 How. [45 U. S.] 326, it appears that the usage of the banks in Washington and Georgetown was changed, so as to make the demand on all notes left for collection, on the third day of grace, conformable to the general commercial usage. As the demand of payment on the note before us was made on the third day, it was within the present usage, it not having been negotiated by the Bank of the Metropolis, although it was made payable there, and was deposited for collection.

The important question is, whether leaving the notices in the post-offices specified, was a sufficient service of them. The court instructed the jury that leaving a notice in the post-office of the place where the indorser resides, is not a good service. That it must be delivered personally to the indorser, left at his place of business or dwelling. That the indorsers in this case being members of congress, were residents of the city of Washington for the time being. And that leaving the notices at the post-offices of the houses to which they respectively belonged, was not a service within the rule. That in principle there could be no difference between the post-offices of the two houses, and the post-office of the city. Some evidence was given conducing to show an admission by one or both of the defendants, that they had received the notices, and

to show the manner in which letters left in the post-offices of the two houses, were distributed to the members after the adjournment. And the jury were instructed, that if they should find the notices were received by the defendants the day after the protest was made, they should find for the plaintiff; but if they should not so find, their verdict would be for the defendants. The jury found for the defendants.